# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1030V
Filed: May 28, 2015
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| HEATHER COOK, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |

Damages Decision Based on Proffer;
Influenza; Shoulder Injury Related to
Vaccine Administration ("SIRVA");
Special Processing Unit ("SPU")

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Mark L. Krueger, Krueger & Hernandez, S.C., Baraboo, WI,* for petitioner.
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC* for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On October 23, 2014, Heather Cook filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered an injury to the shoulder and/or brachial plexus as a result of receiving an influenza vaccine on September 30, 2013. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 28, 2015, respondent filed her Rule 4(c) report in which she both concedes that petitioner is entitled to compensation in this case and presents a Proffer on Award of Compensation in the same document. Respondent's Rule 4(c) Report at 1, 4. Specifically, respondent states that "DICP believes that petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"). As such,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

DICP agrees that petitioner's claim satisfies the *Althen* requirements and that her alleged injury was caused in fact by a vaccination.  *See Althen v. HHS*, 418 F.3d 1274, 1278 (Fed. Cir. 2005)." *Id.* at 3.  Respondent further agrees that petitioner suffered residual effects of her injury for at least six months and that she has satisfied all legal prerequisites for compensation.  *Id.*

Respondent's Proffer on Award of Compensation, filed as part of her Rule 4 report, indicates that petitioner should be awarded $70,000.00 in the form of a check payable to petitioner. *Id*. at 4.  Petitioner agrees. *Id*.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation** and pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $70,000.00 in the form of a check payable to petitioner, Heather Cook.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

                                              **s/Denise K. Vowell**
                                              Denise K. Vowell
                                              Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| HEATHER COOK,<br><br>　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　Respondent. | No. 14-1030V<br>Chief Special Master Vowell<br>ECF |

## RESPONDENT'S RULE 4(c) REPORT AND PROFFER ON DAMAGES

On October 23, 2014, Heather Cook ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The Petition alleges that petitioner received an influenza ("flu") vaccine in her left shoulder on September 30, 2013, and subsequently suffered a shoulder injury/brachial plexus as a result of the flu vaccination. Petition at 2.

Medical personnel at the Division of Injury Compensation Programs ("DICP") at the Department of Health and Human Services have reviewed the Petition and medical records filed in the case, to determine whether petitioner qualifies for compensation under the Vaccine Act. DICP has concluded that compensation is appropriate in this case. In accordance with Vaccine Rule 4(c), the Secretary of Health and Human Services ("respondent") submits the following as her responsive report.

## FACTUAL SUMMARY

Petitioner was 44 years old when she received a flu vaccine on September 30, 2013, at Walgreens. Petitioner's Exhibit ("Pet. Ex.") 2 at 1. On October 9, 2013, petitioner was treated at Dean Clinic for left shoulder pain. Pet. Ex. 3 at 41. It was noted that petitioner's pain, which

1

petitioner reported as having started seven days earlier, was "reminiscent of interarticular or tendon inflammation" and that a flu vaccine "injected in upper posterior shoulder could have penetrated capsule or injected into tendon." *Id*. Ibuprofen was prescribed. *Id*. On October 16, 2013, petitioner returned to the clinic, stating that her pain was "getting progressively worse with increasing pain and stiffness" and was interfering with normal activity. *Id*. Petitioner's range of motion was extremely limited. *Id*. at 44.

On October 23, 2013, petitioner presented to orthopedic specialist, Dean T. Fochios, M.D., with left shoulder pain shooting down her arm, weakness, and minor numbness and tingling in her fingers. Pet. Ex. 4 at 1. Petitioner had full range of motion and pain with extreme motion. *Id*. at 3. Dr. Fochios noted that petitioner suffered a "contusion of the left shoulder secondary to a flu injection with secondary stiffness and discomfort." *Id*. at 4. Petitioner was referred to physical therapy. *Id*. Petitioner returned to Dr. Fochios on November 13, 2013, as she still had "residual discomfort and her condition ha[d] not fully resolved." *Id*. at 18. Petitioner had minor tightness and tenderness that had spread to her neck and upper extremity. *Id*. at 19.

On December 10, 2013, Dr. Fochios noted that petitioner continued to complain "of achiness in and around the left shoulder, as well as weakness" despite consistently attending physical therapy and performing her normal home exercise program. Pet. Ex. 4 at 21. Petitioner had full range of motion but experienced achiness at the extremes of motion. *Id*. at 22. Dr. Fochios noted that petitioner still had a "significant generalized weakness in external rotation of the shoulder. . . . in the area where she received her injection." *Id*. at 22−23. Dr. Fochios referred petitioner to a neurologist. *Id*. at 23.

Adam R. Jaffe, D.O., a neurologist, saw petitioner on December 23, 2013. Pet. Ex. 4 at 12. Petitioner's pain had reduced in intensity and she was mostly concerned with her hand

clumsiness. *Id*. Dr. Jaffe noted that petitioner suffered tension-type headaches after receiving the flu shot. *Id*. Dr. Jaffe's differential diagnosis included a "reaction to the flu shot, as well as possible reaction resulting in a brachial plexitis." *Id*. Dr. Jaffe ordered an electromyogram ("EMG") and referred petitioner to occupational therapy. *Id*. The EMG revealed no abnormalities. Pet. Ex. 3 at 106. In a follow-up with Dr. Jaffe on March 24, 2014, petitioner complained of difficulty with her hand and fine finger movements. Pet. Ex. 9 at 9. Dr. Jaffe recommended intravenous steroids as possible therapy but petitioner declined. *Id.* A chest MRI on April 1, 2014, showed a normal brachial plexus but an "incidental degenerative change in the left shoulder." *Id*. at 10.

On June 23, 2014, petitioner saw her primary care physician, Karen C. Swallen, M.D., for continued shoulder pain. Dr. Swallen noted that petitioner was "significantly weak in her rotator cuff." Pet. Ex. 6 at 2. In a follow-up on July 22, 2014, petitioner reported that her hand weakness, difficulty with performing daily tasks, and clumsiness persisted. *Id*. at 4.

## ANALYSIS

DICP believes that petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"). As such, DICP agrees that petitioner's claim satisfies the *Althen* requirements and that her alleged injury was caused-in-fact by a vaccination. *See Althen v. HHS*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). No other cause for petitioner's condition has been identified. *See* 42 U.S.C. § 300aa-13(a)(1)(B). Based on the medical records outlined above, petitioner has met the statutory requirements by suffering the residual effects of her condition for more than six months. *See id.* at § 300aa-11(c)(1)(D)(i). Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

3

## PROFFER ON AWARD OF COMPENSATION

I. <u>Items of Compensation</u>

Based upon the evidence of record, respondent proffers that petitioner should be awarded $70,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II. <u>Form of the Award</u>

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$70,000.00** in the form of a check payable to petitioner.[1]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

    Respectfully submitted,

    BENJAMIN C. MIZER
    Principal Deputy Assistant Attorney General

    RUPA BHATTACHARYYA
    Director
    Torts Branch, Civil Division

    VINCENT J. MATANOSKI
    Deputy Director
    Torts Branch, Civil Division

    GLENN A. MACLEOD
    Senior Trial Counsel
    Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

4

          s/ Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-1586

Date:   May 28, 2015